# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. CR 17-2187 RB

IRENE SENDEJO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Suppress, filed on September 14, 2017. (Doc. 32.) The Court held a hearing on the Motion on November 7, 2017. (*See* Doc. 45.) Having considered the parties' written submissions, arguments at the hearing, and the relevant law, the Court will **DENY** the motion.

## I. Factual Background as Found by the Court

Based on information he received from a Confidential Informant (CI), Agent Jeremy Shimer with the Lea County Drug Task Force applied for a warrant to search Defendant Irene Sendejo's residence at 1010 South Fifth in Hobbs, Lea County, New Mexico.[1] (Doc. 34-1 at 1–2, 4.) Agent Shimer listed Defendant's name (Irene Sendejo) and the address of the property (1010 South Fifth Hobbs, NM 88240) clearly in the heading of the Affidavit for Search Warrant ("Affidavit").[2] (*Id.* at 1.) Agent Shimer referred to "1010 South Fifth" seven times in the Affidavit. (*Id.* at 2–4.)

---

[1] The facts as recited in this section come from the Complaint and from the Affidavit for Search Warrant attached to the Government's Response. (Docs. 1; 34-1.)

[2] Agent Shimer included the year of Defendant's birth (1982) directly underneath her name on the affidavit for the search warrant. (*See* Doc. 34-1 at 1.) The Government notes that, pursuant to D.N.M. LR-Crim. 57.5, it redacted the month and date of her birth, as well her social security number, from the copy it attached to its response brief. (Doc. 34 at 2 n.3.)

Agent Shimer also made a single reference to another address in the Affidavit, "224 South Ave A in Hobbs New Mexico." (*Id.* at 2.) In Attachment A to the Affidavit, entitled the "Description of Property to be Searched," Agent Shimer described three vehicles located on the property of 1010 South Fifth. (*Id.* at 2.) One vehicle was registered to Defendant at the 1010 South Fifth address, one vehicle was covered by tarps (no visible license plate), and one vehicle was described as "[a] purple 2005 Cadillac passenger car . . . registered to Irene Sendejo with an address of 224 South Ave A in Hobbs New Mexico." (*Id.*)

Otherwise, Agent Shimer accurately described the property to be searched, 1010 South Fifth in Hobbs, as follows:

> The residence is located at 1010 South Fifth in Hobbs, Lea County, New Mexico. The residence is a tan manufacturer home with white skirting. The residence has white aluminum roofing with a slight pitch downwards. The residence has two doors, one facing north and the second facing south. The numeric 1010 is displayed on a mail box to the west of the residence. There is a detached car port to the south of the residence.

(*Id.* at 2.)

Agent Shimer affirmed that he was advised by a reliable CI that Defendant Sendejo "was selling Methamphetamine in Hobbs," and the CI "observed Methamphetamine inside the residence of 1010 South Fifth located in the city of Hobbs, County of Lea, State of New Mexico." (*Id.* at 4.) The CI further advised Agent Shimer that Defendant Sendejo was in possession of the methamphetamine inside the residence located at 1010 South Fifth. (*Id.*) Agent Shimer noted that this CI "has provided true and accurate information on at least four occasions leading to the seizure of Methamphetamine." (*Id.*)

Based on this Affidavit, Judge Lee A. Kirksey signed the warrant (*see* Doc. 34 at 1), and "[o]n March 01, 2017, Agents from the Lea County Drug Task Force executed [the] District Court Search warrant for the person of Irene Sendejo and her residence, located at 1010 South

Fifth[,]" Hobbs, New Mexico. (Doc. 1 at 2 (capitalization omitted).) On this date, agents observed Defendant and her four-year-old son "exit the residence of 1010 South Fifth[,]" enter her vehicle, and drive north on Fifth Street. (*Id.*) Agent Shimer made contact with Defendant, "detained [her] without incident[,]" and "advised [her] of a search warrant for her residence at 1010 South Fifth, the vehicles at the property, and her person." (*Id.*) Agents transported Defendant and her son back to her residence, she gave them keys to the south door, and agents entered and secured the residence. (*Id.*) Agents advised Defendant of her *Miranda* rights, Defendant requested a lawyer, and agents searched her residence, locating methamphetamine, a digital scale, money, two firearms, and a safe containing additional methamphetamine. (*Id.* at 2–3.) "All of the seized methamphetamine was weighed, and the total weight was approximately 840 grams." (*Id.* at 3.)

## II.    Legal Standard

"[T]he Fourth Amendment commands that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.'" *United States v. Webster*, 809 F.3d 1158, 1164 (10th Cir. 2016) (quoting *United States v. Sells*, 463 F.3d 1148, 1153 (10th Cir. 2006) (quoting U.S. Const. amend. IV.)) (subsequent citation omitted). "The test for determining the adequacy of the description of the location to be searched is whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." *Harman v. Pollock*, 446 F.3d 1069, 1078 (10th Cir. 2006) (citations omitted); *see also United States v. Deloera-Escalera*, 636 F. App'x 977, 980 (10th Cir. 2016) (describing the "two-prong test to

determine whether a warrant adequately describes the location to be searched) (quotations omitted).

"The proponent of a motion to suppress has the burden of adducing facts at the suppression hearing indicating that his own rights were violated by the challenged search." *United States v. Eckhart*, 569 F.3d 1263, 1274 (10th Cir. 2009) (quotations omitted). "The controlling burden of proof at a suppression hearing is proof by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974).

### III. Analysis

#### A. There were no redactions in the original Affidavit for Search Warrant.

Defendant Sendejo moves to suppress on the basis that the Affidavit for Search Warrant contained two redactions. (*See* Doc. 32.) Defendant attached a copy of the Affidavit to her Motion. (*See* Doc. 32-1.) Portions of two sentences in Attachment C to the Affidavit attached to Defendant's Motion are blacked out or redacted. (*Id.* at 3.) It is clear from the unredacted version of the Affidavit that these redacted portions are the address "1010 South Fifth." (*Compare* Doc. 32-1 at 3, *with* Doc. 34-1 at 4.)

The Government submitted a certified hard copy of the search warrant and accompanying documents (*see* Docs. 44-1, 44-2, 44-3); it also submitted a copy of the warrant the United States provided to Defendant as part of discovery (*see* Doc. 34-2.) The Government's exhibits do not contain redactions. (Docs. 34-2; 44-1; 44-2; 44-3.) The second copy—the one shared with Defendant as part of discovery—bears the stamp,

> ENDORSED COPY
> ORG. FILED DIST COURT
> MAR – 1 2017
> NELDA CUELLAR, CLERK

(*Id.* at 1.) The copy Defendant attached to her Motion bears an identical stamp. (Doc. 32-1 at 1.)

4

The Government avers that "the warrant presented to Judge Kirksey contained no redactions." (Doc. 34 at 1.) "The United States is unsure of the source of the redactions because neither the warrant provided to Defendant through discovery nor the copy received from the State contained redactions." (*Id.* at 2.) Agent Shimer testified that he never made redactions at any point in applying for the warrant, obtaining the warrant, executing the warrant, or in performing the return.[3] (Nov. 7, 2017 Tr. at 15:9–13.)

Defendant surmises that the agent redacted the address because it was the residence of a material witness. (Doc. 32 at 2 (citing Fed. R. Crim. Pro. 57.5(d)).) As there is no Federal Rule of Criminal Procedure 57.5(d), the Government "assumes Defendant was referring to D.N.M. LR-Crim. 57.5(d), which deals only with redacting victim or material witness information from electronic filings" and thus is inapplicable. (Doc. 34 at 1 n.1.)

It is noteworthy that Defendant's copy of the Affidavit contains more than just the two redactions; it also has words circled throughout and a note handwritten in the margin. (*See* Doc. 32-1.) The Court finds that the Affidavit Agent Shimer gave to Judge Kirksey contained no redactions. Accordingly, Defendant's argument that the allegedly redacted Affidavit was insufficient to show probable cause fails.

### B. Defendant fails to show that the Affidavit was otherwise insufficient.

Defendant cited authority in her Motion for the proposition that "[a]n affidavit must provide [a judge] with a substantial basis for determining the existence for probable cause, and [a] wholly conclusory statement fails to meet this requirement." (*See* Doc. 32 at 2 (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).) She presented no allegations in her Motion to support an argument that the affidavit here was otherwise insufficient. (*See id.*) At the hearing on

---

[3] All citations to the November 7, 2017 Transcript are to the court reporter's unofficial transcript. Page numbers are subject to change in the official version of the transcript.

this matter, counsel for Defendant argued that the Affidavit was insufficient because the CI's statements that Agent Shimer relied on were conclusory. (*See* Tr. at 26:19–27:1, 28:23–31:7.) Specifically, the CI's statements that Ms. Sendejo "was selling Methamphetamine in Hobbs," that the CI "observed Methamphetamine inside the residence of 1010 South Fifth[,]" and that Ms. "Sendejo was in possession of Methamphetamine inside the residence of 1010 South Fifth." (Doc. 34-2 at 4; *see also* Tr. at 30:2–17.)

The Court disagrees and finds that the multiple factual assertions contained in the Affidavit—an address, a location, a description, a timeframe, all stated by a reliable CI—are not conclusory at all. The Affidavit was not lacking probable cause. The Defendant bears the burden of proof to show that the Affidavit was legally insufficient. *See Eckhart*, 569 F.3d at 1274. Defendant fails to carry this burden.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Suppress (Doc. 32) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**